UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates Only to the Following Cases:

Corbett, Shayla, 1:23-cv-6957

_____

**DEFENDANTS' MOTION FOR JUDGMENT IN**
**<u>PLAINTIFF SHAYLA CORBETT'S CASE PURSUANT TO CMO-28</u>**

Under Fed. R. Civ. P. 12(c) and CMO-28, the Cook Defendants move for judgment in Plaintiff's case, which alleges injury based on the complicated retrieval of a fractured IVC filter that required stent grafting.

1. <u>Plaintiff's Name</u>:  Shayla Corbett

2. <u>Case Number</u>:  1:23-cv-6957

3. <u>Case Origin</u>:  Filed in District of Colorado on December 21, 2022

4. <u>Plaintiff's Home State per Complaint</u>: Colorado (Plaintiff's current residence, location of injury, and residence at time of filter placement)

5. <u>Applicable Choice of Law Rules</u>:  Colorado

6. <u>Applicable Statute of Limitations</u>:  Colorado (2 years), Colo. Rev. Stat. § 13-80-102(1)(a) (providing two-year statute of limitations for negligence and strict liability causes of action), *id.* at § 13-80-106(1) (providing two-year statute of limitations for product liability causes of action).

7. <u>Filter Placement Date</u>:  On or around 2008

8. <u>Latest Possible Date of Accrual</u>:  September 4, 2020 (*see* Categorization Medical Record attached as **Exhibit A** and filed under seal noting a clinical history of fractured IVC filter and documenting a "IVC filter retrieval, complicated by extravasation from the inferior vena cava, treated with stent grafting" and a retained "small fragment of filter")

9. <u>Length of Time Between Claim Accrual and Filing</u>:  2 years, 4 months, 16 days

### BRIEF ARGUMENT

Colorado law bars Plaintiff's personal injury claims because she filed her case more than two years after (1) her filter was noted as fractured and (2) she underwent a successful, complicated retrieval to retrieve the fractured filter, during which she was treated with stent grafting and a filter fragment was retained. *See supra*, ¶¶ 3, 8-9.  Under Colorado's discovery rule, the statute of limitations begins to run "on the date both the injury and its cause of action are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. Ann. § 13-80-108(1).

- 2 -

The focus is on "plaintiff's knowledge of facts rather than the discovery of applicable legal theories." *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357, 363 (Colo. App. 2000). A plaintiff need not know the identity of the defendant to trigger the statute of limitations. *See Yoder v. Honeywell, Inc.*, 900 F. Supp. 240, 247 (D. Colo. 1995). Nor does a plaintiff need to understand the full extent of the damage. *See Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir. 2005) (applying Colorado law). Rather, "[o]nce a plaintiff has suspicion of wrongdoing, she is under a duty to attempt to find facts." *Id.* (citation omitted).

Here, Plaintiff claims injury based on the complicated retrieval of a fractured IVC filter that required stent grafting. That retrieval occurred on September 4, 2020, took over an hour-and-a-half to complete, and left a filter fragment in Plaintiff at its conclusion. *See* Ex. A. Where, as here, the claim is premised on the complicated retrieval of a fractured filter, the plaintiff necessarily knows "both the injury and its cause" on the date the fracture was diagnosed or—at the latest—on the date the fractured device was retrieved. *See Hardy-roy v. Shanghai Kindly Enterprises Dev. Grp. Co.*, 2021 WL 229282, at *2 (D. Colo. Jan. 22, 2021) (holding that plaintiff's claim accrued when a needle manufactured by defendant broke and became lodged in plaintiff's body); *see also Dittman v. DJO, LLC*, 2009 WL 3246128, at *2 (D. Colo. Oct. 5, 2009) (finding that plaintiff's claim accrued when his physician noted that one of the medical devices at issue may have caused or contributed to plaintiff's chondrolysis). Accordingly, Plaintiff's claims here accrued no later than September 4, 2020, when her fractured filter was successfully retrieved, with a filter fragment remaining, and she was treated with stent grafting. Because Plaintiff did not commence her action until more than two years after that accrual, the statute of limitations bars her action.

This Court has already dismissed cases as time-barred under Colorado law involving facts similar to those here. In *Dory*, this Court dismissed Mr. Dory's claims because he filed his case

more than two years after "a complicated filter retrieval procedure that resulted in the placement of two endovascular stents." Dkt. 21872 at 3. Similarly, in *Boudreau*, this Court dismissed Ms. Boudreau's claims because she filed her case more than two years after her filter was diagnosed as fractured and was subsequently successfully retrieved. Dkt. 18735 at 2-3. Here, Plaintiff knew her filter was fractured prior to her retrieval procedure and then underwent a procedure to remove that filter, during which she was treated with stents and after which a filter fragment was retained. Plaintiff's situation here is materially identical to the situations in *Dory* and *Boudreau*, and the Court should similarly dismiss her claims as time barred.

Plaintiff's implied warranty claim also fails as untimely.  Colorado law subjects warranty claims to a three-year statute of limitations, Colo. Rev. Stat. § 13-80-101(1)(a), and such claims accrue upon tender of delivery, Colo. Rev. Stat. § 4-2-725. Here, Plaintiff filed suit approximately 12 years after receiving her filter, far beyond the three-year limit. *See supra*, ¶¶ 7, 9.

Plaintiff's express-warranty claim is already dismissed, *see* Dkt. 25387, and her consumer-protection claim fails because this Court has ruled that it has not been adequately pled in the Master Complaint, *see* Dkt. 14809 at 10 ("Plaintiff's vague and generalized allegations fail to provide any details regarding the alleged misrepresentations as required by Rule 9(b)."). Plaintiff's Short-Form Complaint does not add any substantive facts to save this claim. Her punitive damages claim fails as derivative of her time-barred claims.  *See, e.g.*, *McGee v. Bruce Hospital System*, 545 S.E.2d 286, 288 (S.C. 2001).

For the foregoing reasons, the Court should dismiss Plaintiff's case with prejudice.

Respectfully submitted,

Dated:  November 6, 2025

/s/ Jessica Benson Cox
Jessica Benson Cox
Andrea Roberts Pierson
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Andrea.Pierson@FaegreDrinker.com
Jessica.Cox@FaegreDrinker.com

James Stephen Bennett
FAEGRE DRINKER BIDDLE & REATH LLP
110 West Berry Street, Suite 2400
Fort Wayne, Indiana  46802
Telephone:  (260) 424-8000
Stephen.Bennett@FaegreDrinker.com

*Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT IN PLAINTIFF SHAYLA CORBETT'S CASE PURSUANT TO CMO-28** was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

/s/ Jessica Benson Cox