IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: COOK MEDICAL, INC, IVC FILTERS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Case No. 1:14-ml-2570-RLY-TAB MDL No. 2570 |
| This Document Relates to Plaintiff Shayla Corbett Case No. 1:23-cv-6957 | |

**PLAINTIFF SHAYLA CORBETT'S RESPONSE TO THE COOK DEFENDANTS' MOTION FOR JUDGMENT PURSUANT TO CMO-28**

COMES NOW Plaintiff Shayla Corbett, by and through counsel, and for her Response to the Cook Defendants' Motion for Judgment Pursuant to CMO-28, states as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 21, 2022, Plaintiff Shayla Corbett ("Ms. Corbett") filed her case in the United States District Court, District of Colorado, *Corbett v. Cook Group, Inc., et al.*, case no. 1:22-3279, [Doc. 1]. On January 20, 2023, Ms. Corbett filed her short form complaint in this MDL. *See* [Doc. 1]. On November 6, 2025, the Cook Defendants filed the present Motion for Judgment pursuant to CMO-28, asserting, *inter alia*, that Ms. Corbett's breach of implied warranty claim is barred by the statute of limitations because "such claims accrue upon tender of deliver". *See* [Doc. 17]. As set forth below, Ms. Corbett's breach of implied warranty claim is not barred by the three-year statute of limitations because this claim accrued when the breach was discovered during the complicated retrieval surgery on September 4, 2020 and Ms. Corbett timely filed her case on December 21, 2022.

**II.    ARGUMENT**

    **A.    Ms. Corbett's cause of action for breach of implied warranty accrued when the breach was discovered on September 4, 2020.**

Colorado law provides that a cause of action for breach of implied warranty accrues on the date the breach is discovered:

> (6) A cause of action for breach of any express or implied contract, agreement, warranty, or trust shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence.

C.R.S.A. § 13-80-108(6). While the Cook Defendants argue that Ms. Corbett's breach of implied warranty claim is barred by the statute of limitations because "such claims accrue upon tender of deliver"[1] and Ms. Corbett's IVC filter was implanted in 2008, the Supreme Court of Colorado noted the exception to the "tender of delivery" date by citing C.R.S.A. § 4-2-725, "[a] breach of warranty occurs when tender of delivery is made; except, that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, **the cause of action accrues when the breach is or should have been discovered**." *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 175 (Co. 1987)(citing C.R.S.A. § 4-2-725)(emphasis added). The Supreme Court of Colorado further explained that "[u]nder section 4–2–318, 2 C.R.S. (1973), '[a] seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty.'" *Id.* at 176, n. 10.

In the present action, Ms. Corbett was not "affected by the goods" and "injured by breach of warranty" until she underwent the complicated IVC filter retrieval and discovered the fractured filter on September 4, 2020. *See* [Doc. 17, Exhibit A]. Ms. Corbett has claimed the following injuries: Category 5(b): complicated retrieval and Category 7(c): filter fracture. *See id.* The 5(b) complicated retrieval occurred, and the Category 7(c): filter fracture was

---

[1] The Cook Defendants cite C.R.S.A. § 4-2-725 to support their "tender of delivery" argument, but fail to recite the rest of the sentence which reads "except, that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered."

discovered, on September 4, 2020. The Cook Defendants' argument that the 2008 "tender of delivery" date could somehow trigger the running of the three-year statute of limitations for the breach of implied warranty claim defies logic because this rule is not a statute of repose, and Ms. Corbett was not "affected by the goods" or "injured by breach of warranty" in 2008. Considering that the case was filed on December 21, 2022, well within the three-year statute of limitations in Colorado for a breach of implied warranty claim, this case is not time barred.

### III.   CONCLUSION

For the foregoing reasons, Ms. Corbett's breach of implied warranty claim is not barred by the three-year Colorado statute of limitations.

Respectfully submitted,

**FLINT COOPER COHN THOMPSON & MIRACLE**

*/s/ Trent B. Miracle*
Trent B. Miracle
Alex Parker
FLINT COOPER COHN THOMPSON & MIRACLE
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: (618) 288-4777
Fax: (618) 288-2864
tmiracle@flintcooper.com
aparker@flintcooper.com
***Attorneys for Plaintiff***

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Trent B. Miracle*

3