UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

IN RE: COOK MEDICAL, INC. IVC FILTERS
MARKETING, SALES PRACTICES AND          Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS   LIABILITY LITIGATION         MDL No. 2570
_____

This Document Relates Only to the Following Cases:

Corbett, Shayla, 1:23-cv-06957
_____

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT IN PLAINTIFF SHAYLA CORBETT'S CASE PURSUANT TO CMO-28

The Court should dismiss Plaintiff's case in its entirety. Because her Response only addresses her implied warranty claim, Plaintiff has abandoned her other claims. Plaintiff's implied warranty claim fails because she has not and cannot establish that Cook provided a warranty explicitly extending to her IVC filter's future performance.

### I.  Plaintiff Abandoned All Claims Not Sounding in Implied Warranty.

At the outset, Plaintiff does not oppose dismissal of her personal injury, consumer protection, express warranty, and punitive damages claims. In her Response, Plaintiff neither disputes (1) that Colorado's two-year statute of limitations bars her personal injury claims nor (2) that she has no viable consumer protection, express warranty, or punitive damages claims. *See generally* Pl.'s Resp., Dkt. 27471. Plaintiff's failure to respond to Cook's arguments concerning these claims constitutes waiver, and Cook is entitled to judgment as a matter of law. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."); Dkt. 21951 (*Garrison*) at 4 ("Plaintiff did not respond to Cook's arguments with respect to her breach of implied and express warranty claims, punitive damages claim, and intentional and negligent infliction of emotional distress claims. Plaintiff's failure to respond to Cook's arguments constitutes forfeiture or waiver of those claims.").

### II.  Plaintiff's Implied Warranty Claim is Time-Barred as a Matter of Law.

Colorado's three-year statute of limitations for warranty claims bars Plaintiff's implied warranty claim. *See* Colo. Rev. Stat. § 13-80-101(1)(a). Plaintiff argues that her implied warranty claim "accrued when the breach was discovered during the complicated retrieval surgery on September 4, 2020," Pl.'s Resp., Dkt. 27471 at 1. But the date on which Plaintiff here allegedly discovered the breach is immaterial because Plaintiff has not and cannot establish Cook provided a warranty explicitly extending to her filter's future performance.

### A. Plaintiff's implied warranty claim accrued in 2008.

Colorado law generally holds that "a cause of action for the breach of either an express warranty or an implied warranty accrues at the time of purchase of the goods." *Glen Peck, Ltd. v. Fritsche*, 651 P.2d 414, 415 (Colo. App. 1981). Section 4-2-725 codifies this principle:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made; except, that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.

Colo. Rev. Stat. § 4-2-725(2). Put simply, a warranty claim concerning a product accrues at delivery, **unless** the defendant explicitly provides a warranty regarding the product's future performance, in which case the claim accrues when the breach is or should have been discovered. *See id.*; *Carabello v. Crown Controls Corp.*, 659 F. Supp. 839, 842 (D. Colo. 1987). This narrow "future performance exception" in § 4-2-725 requires "that the warranty (1) guarantee performance of the goods and (2) explicitly extend to a specific time or event in the future." *Leprino Foods Co. v. DCI, Inc.*, 727 F. App'x 464, 468 (10th Cir. 2018) (applying Colorado law).[1]

Here, Plaintiff claims the future performance exception saves her implied warranty claim. *See* Pl.'s Resp., Dkt. 27471 at 2-3. But her argument suffers a fatal flaw: "By simple definition, … an implied warranty cannot 'explicitly' extend to future performance." *Carabello*, 659 F. Supp. at

---

[1] Plaintiff's reliance on the general discovery rule contained in Colo. Rev. Stat. § 13-80-108(6) is misplaced. *See* Pl.'s Resp., Dkt. 27471 at 2. Because Plaintiff's implied warranty claim is based on the sale of a good, Colorado's UCC governs her claim. *See Perisichini v. Brad Ragan, Inc.*, 735 P.2d 168, 176 (Colo. 1987) (stating that Colorado's UCC governs the "sales of goods, and includes detailed provisions with respect to express and implied warranties"). Colorado's UCC specifically addresses when a warranty claim accrues and therefore controls over the "general catch-all" provisions contained in § 13-80-108. *See id.* at 172 ("[A] statute of limitations specifically addressing a particular class of cases will control over a more general catch-all statute of limitations."). Accordingly, as myriad courts have held, because Plaintiff's claim concerns the sale of a good, § 4-2-475's statute of limitations applies to and bars her implied warranty claim. *See, e.g., id.* at 176; *Carabello*, 659 F. Supp. at 842; *Leprino*, 727 F. App'x at 467-68.

2

842 (dismissing implied warranty claim as untimely under Colorado law); *see also Forest City Stapleton Inc. v. Rogers*, 393 P.3d 487, 490 (Colo. 2017) (defining implied warranty). Plaintiff therefore cannot claim the benefit of the future performance exception, which requires an ***explicit*** guarantee, for her ***implied*** warranty claim. *See Carabello*, 659 F. Supp. at 842. Her implied warranty claim accrued when her filter was delivered in 2008 and is time-barred by a decade.

**B.     Cook never provided a warranty explicitly extending to future performance.**

Even setting aside the logical impossibility of an implied warranty explicitly providing a guarantee, Plaintiff has not and cannot establish that Cook ***ever*** provided a warranty explicitly extending to its filters' future performance, as is required to invoke the benefit of the future performance exception.

To the contrary, this Court has consistently rejected plaintiffs' arguments that Cook provided any explicit "lifetime warranty" as to its IVC filters. *See, e.g.*, Dkt. 24892 (*Molina*) (rejecting plaintiff's argument that the express-warranty exception to Texas's statute of repose saves her claims); Dkt. 25900 (*Lies-Blanchard & Allen*) (rejecting similar argument and dismissing plaintiffs' claims as time-barred by North Carolina's statute of repose). Indeed, this Court has dismissed all plaintiffs' express warranty claims in this MDL precisely because, *inter alia*, "the documents referenced in the Master Complaint do not constitute express lifetime warranties." Omnibus Order, Dkt. 25387 at 11. In other words, this Court has already rejected and dismissed the only warranty allegations in this MDL upon which Plaintiff could possibly rely to invoke § 4-2-725's future performance exception.

This Court has unequivocally rejected the contention that Cook ever provided any warranty relating to the future performance of its filters. As such, the future performance exception does not apply here, and Plaintiff's implied warranty claim is time-barred as a matter of law.

3

                                              Respectfully submitted,

Dated:  December 5, 2025                    /s/ *Jessica Benson Cox*
                                              Jessica Benson Cox
                                              Andrea Roberts Pierson
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              300 North Meridian Street, Suite 2500
                                              Indianapolis, Indiana  46204
                                              Telephone:  (317) 237-0300
                                              Andrea.Pierson@FaegreDrinker.com
                                              Jessica.Cox@FaegreDrinker.com

                                              James Stephen Bennett
                                              FAEGRE DRINKER BIDDLE & REATH LLP
                                              110 West Berry Street, Suite 2400
                                              Fort Wayne, Indiana  46802
                                              Telephone:  (260) 424-8000
                                              Stephen.Bennett@FaegreDrinker.com

                                              *Attorneys for Defendants Cook Incorporated, Cook Medical LLC, and William Cook Europe ApS*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2025, a copy of the foregoing was filed electronically, and notice of the filing of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.  Parties may access this filing through the Court's system.

                                              /s/ *Jessica Benson Cox*